Stephen H.M. Bloch (#7813)
Laura Peterson (#16135)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org
laura@suwa.org
hanna@suwa.org

*Attorneys for Proposed Defendant-Intervenor*
*Southern Utah Wilderness Alliance*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| **BLUERIBBON COALITION, INC.,**<br><br>  Plaintiff,<br><br>v.<br><br>**BUREAU OF LAND MANAGEMENT**, *et al.*,<br><br>  Defendants,<br><br>and<br><br>**SOUTHERN UTAH WILDERNESS ALLIANCE**,<br><br>  Proposed Defendant-Intervenor. | Case No. 4:25-cv-00044-AMA-PK<br><br>**UNOPPOSED MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT**<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

The Southern Utah Wilderness Alliance (SUWA) respectfully moves this Court for an

Order granting SUWA intervention as of right in this matter. A memorandum in support of

SUWA's motion is included herein. Counsel for Plaintiff BlueRibbon Coalition has informed

SUWA's counsel that Plaintiff does not oppose this motion. Counsel for Defendants Bureau of Land Management *et al.* has informed SUWA's counsel that the Federal Defendants take no position on this motion. As explained below, SUWA easily meets the Tenth Circuit's four-part test for intervention as of right and thus its motion should be granted.

## BACKGROUND

Plaintiff BlueRibbon Coalition, Inc., (BlueRibbon) has sought judicial review of the Bureau of Land Management's (BLM) January 17, 2025 Decision Record for the Henry Mountains/Fremont Gorge Travel Management Plan (TMP). *See generally* Bureau of Land Mgmt., *Decision Record: Henry Mountains/Fremont Gorge Travel Management Plan*, DOI-BLM-UT-C020-2018-0006-EA (Jan. 2025) (Decision Record).[1] This plan designated 1,670 miles of dirt roads and trails for motorized use and closed 612 miles to such use. *Id.* at DR-2.

I.     **The Henry Mountains and Fremont Gorge Areas**

The Henry Mountains/Fremont Gorge Travel Management Area (TMA) encompasses over 1.4 million acres of BLM-managed lands in southeastern Utah and within the agency's Richfield Field Office. Bureau of Land Mgmt., *Environmental Assessment: Henry Mountains/Fremont Gorge Travel Management Plan*, DOI-BLM-UT-C020-2018-0006-EA, 3 (Jan. 2025) (EA); *see also id.* at 151. The Henry Mountains/Fremont Gorge TMA is located in Wayne and Garfield Counties, mostly nestled between Capitol Reef National Park to the west and Glen Canyon National Recreation Area to the south and east. *Id.* at 3, 151. It also surrounds the Horseshoe Canyon unit of Canyonlands National Park. *Id.* at 3. The Henry Mountains and

---

[1] The documents supporting BLM's decision, including the Decision Record, Environmental Assessment, Finding of No Significant Impact, and individual route reports are available on BLM's ePlanning website.

Fremont Gorge areas are spectacular Utah landscapes that are home to bison, black bear, desert bighorn sheep, pronghorn, and Endangered Species Act-listed threatened and endangered species such as the California condor, Mexican spotted owl, southwestern willow flycatcher and yellow-billed cuckoo. *Id.* at 46-48, 135. Fragile biological soil crusts, which are easily harmed or destroyed when disturbed, occur throughout the TMA. *Id.* at 58. The area also contains several streams and important riparian areas. *Id.* at 62-63.

The Henry Mountains/Fremont Gorge TMA is also an culturally rich area, and encompasses significant cultural sites reflecting thousands of years of human history, including rock imagery panels, ceramics, stone tools, rock shelters as well as more recent historic cabins, camps, and mining sites. *Id.* at 36-40; *see generally* Bureau of Land Mgmt., *Justification of Finding of Effect for All Sites in the [Area of Potential Effect]* (last updated Sept. 18. 2024).

The Henry Mountains/Fremont Gorge TMA's varied landscape of alpine mountains, narrow slot canyons, soaring redrock cliffs, and expansive mesas is also popular with recreationists. The area draws hikers, backpackers, canyoneers, and horseback riders from around the country. *Id.* at 73-75. The area is also popular with motorized recreationists. *Id.* at 70-71. The TMA encompasses several wilderness study areas, BLM natural areas, BLM-identified lands with wilderness characteristics, and several special recreation management areas. *Id.* at 3-4, 69-70.

## II.    Prior Travel Planning in the Richfield Field Office

Prior to BLM's decision at issue in this matter, off-highway vehicle (OHV) use in the Henry Mountains/Fremont Gorge TMA was governed by BLM's 2008 Resource Management Plan for the Richfield Field Office. Bureau of Land Mgmt., *Richfield Field Office Record of*

*Decision and Approved Resource Management Plan*, 122-27 (Oct. 2008) (Richfield RMP); *see also* EA at 5-10. The Richfield RMP, and its step-down travel management plan, designated a total of 3,739 miles of routes for motorized use across the field office, including 1,884 miles within the Henry Mountains/Fremont Gorge TMA. Richfield RMP at 126; Decision Record at DR-3 (1,884 miles is the sum of open and limited routes in Alternative A, the no action alternative). SUWA and other conservation organizations challenged the Richfield RMP and travel management plan as having violated federal environmental and historic preservation laws. In 2013, this court held that several aspects of the Richfield RMP and travel management plan violated environmental and cultural resource preservation laws, including that BLM failed to comply with regulations that require the agency to minimize damage to natural and cultural resources. *See generally S. Utah Wilderness All. v. Burke*, 981 F. Supp. 2d 1099 (D. Utah 2013), *vacated sub nom. S. Utah Wilderness All. v. U.S. Dep't of the Interior*, No. 2:12-cv-257-DAK, 2017 WL 11516766 (D. Utah May 17, 2017). After nearly a decade of litigation, SUWA, the United States Department of the Interior, plaintiff BlueRibbon Coalition, and others reached a settlement agreement which directed that BLM would prepare eleven new travel management plans, including the Henry Mountains/Fremont Gorge TMP at issue in this case. S*ee generally S. Utah Wilderness All. v. Burke*, 908 F.3d 630 (10th Cir. 2018).

## III.    Henry Mountains/Fremont Gorge Travel Planning

In May 2024, BLM released various documents related to the Henry Mountains/Fremont Gorge TMP process, including draft route reports and preliminary alternatives. *Henry Mountains/Fremont Gorge Travel Management Plan*, BLM National NEPA Register (May 10, 2024) (scroll down to "Preliminary Alternatives and Draft Route Reports"). SUWA submitted

comments on these documents, urging BLM to address damage caused by motorized vehicles to wildlife, riparian areas and cultural resources, close illegal routes, and to minimize the conflicts between motorized and non-motorized users. Decl. of Ray Bloxham ¶ 10 (attached as Ex. 1); *see generally* S. Utah Wilderness All., *Travel Management Plan for the Henry Mountains and Fremont Gorge Travel Management Area, DOI-BLM-UT-C020-2018-0006-EA, Comments on Preliminary Alternatives* (June 10, 2024) (Preliminary Alternatives Comments) (attached as Ex. 2). In June 2024, BLM released a draft Environmental Assessment (EA) for the Henry Mountains/Fremont Gorge TMP for a 31-day comment period. EA at 116. SUWA submitted extensive comments, highlighting BLM's legal obligation to comply with federal laws and regulations, including the minimization criteria set forth in 43 C.F.R. § 8342.1, the National Environmental Policy Act, and the National Historic Preservation Act. Bloxham Decl. ¶ 10; *see generally* S. Utah Wilderness All., *Travel Management Plan for the Henry Mountains and Fremont Gorge Travel Management Area, DOI-BLM-UT-C020-2018-0006-EA, Comments on Draft Environmental Assessment* (Oct. 26, 2024) (Draft EA Comments) (attached as Ex. 3). SUWA also provided route-specific comments, maps, and photographic documentation supporting its comments. Bloxham Decl. ¶ 10; *see generally* Draft EA Comments.

## IV.    Final EA and Henry Mountains/Fremont Gorge TMP

On January 17, 2025, BLM released its final EA, Decision Record and Finding of No Significant Impact (FONSI) for the Henry Mountains/Fremont Gorge TMP. *See generally* Decision Record; EA; Bureau of Land Mgmt., *Henry Mountains/Fremont Gorge Travel Management Plan*, DOI-BLM-UT-C020-2018-0006-EA (Jan. 17, 2025) (FONSI).The final EA

analyzed five alternative route networks: the No Action Alternative and four action alternatives that would designate between 1,327 and 1,908 miles for public motorized use. EA at 20.

The final EA outlines the varying impacts of the alternative travel networks as well as the potential for each travel network to comply with the minimization criteria. Accompanying the EA, BLM also released route-specific reports that discussed each route individually, including potential impacts from OHV use on the individual routes as well as detailing how designating each route would minimize damage in compliance with 43 C.F.R. § 8342.1. *See generally* Bureau of Land Mgmt., *Final Route Reports*, DOI-BLM-UT-C020-2018-0006-EA. (the "Final Route Reports" section is a series of five .zip files).

In the Decision Record, BLM selected Alternative E, which drew from several alternatives analyzed in the draft EA. Decision Record at DR-2. The new travel plan designates 1,670 miles for public OHV use and closes 612 miles to public OHV use. *Id.*

As the Decision Record explained, "although the decision includes fewer miles for OHV use than were designated by the 2008 RMP TMP, the BLM believes it will strike a balance between known recreation demand while minimizing user and resource conflicts." Decision Record at DR-5.

## V.    The Southern Utah Wilderness Alliance

SUWA is a nonprofit organization dedicated to the preservation of outstanding wilderness-quality and other sensitive public lands across Utah and the management of these lands in their natural state for the benefit of all Americans. Bloxham Decl. ¶ 4. SUWA has nearly 12,000 members, many of whom reside in Utah. *Id.* SUWA members and staff frequently visit and recreate on the lands within the Henry Mountains and/or Fremont Gorge areas. *Id.* ¶ 7, 12.

SUWA has long advocated for the protection of lands within the TMA, including preventing damage from rampant OHV use. *Id.* ¶¶ 6, 9-10. SUWA challenged the 2008 Richfield RMP and associated travel plan that blanketed the Henry Mountain and Fremont Gorge areas with designated OHV routes. *Id.* ¶ 9. SUWA also submitted comments at every stage of the public planning process leading up to the final Henry Mountains/Fremont Gorge TMP. *Id.* ¶ 10; *see generally* Preliminary Alternatives Comments; Draft EA Comments.

Although the 612 miles of closed routes protect some sensitive resources in the Henry Mountains/Fremont Gorge TMA from OHV damage, much of the TMA remains vulnerable. Because SUWA members and staff are keenly interested in seeing this area conserved, it is thus within SUWA members' and staff's interests to defend certain aspects of the TMP while continuing to advocate for greater protections. Bloxham Decl. ¶¶ 8, 13-17.

## ARGUMENT

### SUWA is Entitled to Intervene as of Right

Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit follows "a somewhat liberal line in allowing intervention." *Nat'l Farm Lines v. Interstate Com. Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977); *see also W. Energy All. v. Zinke* (*Zinke*), 877 F.3d 1157, 1164 (10th Cir. 2017). "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Utah Ass'n of Cntys v. Clinton* (*UAC*), 255 F.3d 1246, 1250 (10th Cir. 2001)

(internal quotation marks omitted). Moreover, when litigation raises an issue of significant public interest, "the requirements for intervention may be relaxed." *San Juan Cnty v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007) (en banc). SUWA easily meets the test for intervention as of right under Rule 24(a)(2).

## I.      SUWA's Motion to Intervene is Timely

This Court must determine timeliness in light of all the circumstances, "including the length of time since the applicant knew of his interest in the case, prejudice to the parties, prejudice to the applicant, and the existence of any unusual circumstances." *UAC*, 255 F.3d at 1250.

SUWA's motion is timely within the meaning of Rule 24. BlueRibbon filed its complaint initiating this action on April 10, 2025. Counsel for the Federal Defendants have not yet filed a responsive pleading. Because this litigation is at an early stage, SUWA's intervention will not prejudice any party. *Id.* at 1250-51 (holding that a motion to intervene was timely given lack of prejudice to plaintiffs and "relatively early stage of the litigation").

## II.     SUWA Has a Legally Protectable Interest in Preventing Motorized Vehicle Damage Within the Henry Mountains/Fremont Gorge TMA

A prospective intervenor's environmental concern—demonstrated through a record of involvement in protecting that environmental concern—is a legally protectable interest sufficient to support intervention as of right under Rule 24(a)(2). *See Zinke*, 877 F.3d at 1165-66 (holding that conservation groups with a "record of advocacy" and "a demonstrated concern for the damage to public lands caused by oil and gas developments" had a legally protectable interest that may be impaired by the litigation). SUWA has "an interest relating to the property or

transaction that is the subject of the action"—the public lands and resources that make up the Henry Mountains/Fremont Gorge TMA.

SUWA and its members have a significant interest in the lands encompassed by the Henry Mountains/Fremont Gorge TMA, many of which are proposed for wilderness designation in America's Red Rock Wilderness Act and contain significant cultural and biological resources. Bloxham Decl. ¶¶ 7-8, 11-12. SUWA has worked for decades to protect these particular public lands from OHV-caused impacts and damage. *Id.* ¶¶ 9-10, 15. This includes, but is not limited to, participating in BLM's travel planning process for the Henry Mountains/Fremont Gorge TMP, and successfully litigating BLM's earlier travel management decision in this area. *Id.* ¶¶ 6, 9. SUWA members also frequently visit these lands for recreation, sightseeing, and cultural and aesthetic appreciation. *Id.* ¶¶ 7, 12.

## III. SUWA's Interests May be Impaired by a Decision Setting Aside or Enjoining the Henry Mountains/Fremont Gorge TMP

SUWA easily satisfies Rule 24(a)(2)'s impairment prong, which requires a showing that the litigation "may as a practical matter impair or impede the movant's interest." Fed. R. Civ. P. 24(a)(2). This is a "minimal burden" and requires the movants to show "only that impairment . . . is possible if intervention is denied." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010)); *see also Zinke*, 877 F.3d at 1167 (noting that test regarding potential impairment of interest "is met in environmental cases where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making that itself might harm the movants' interests, even if they could participate in the subsequent decision-making.").

9

Here, SUWA's interests may be impaired if the Court reverses, vacates, sets aside, or modifies BLM's Henry Mountains/Fremont Gorge TMP and/or Decision Record. Specifically, the TMP and Decision Record minimize the threat of OHV-caused damage to natural and cultural resources found within the planning area by not designating for motorized vehicle use 612 miles of routes, many of which are illegally-created user trails and other claimed lines on a map that do not in fact exist on the ground. These include routes that are reclaiming, routes that are located in wilderness study areas, BLM natural areas, BLM-identified lands with wilderness characteristics, routes that are located in riparian areas, and routes that imperil irreplaceable prehistoric and historic resources. *See* Bloxham Decl. ¶¶ 8, 13; *see generally* DR Att. 2.

A decision by the Court to vacate, enjoin, set aside, or modify the Henry Mountains/Fremont Gorge TMP would revive the threat of adverse OHV impacts on these 612 miles of trails, if not more, thereby diminishing the remote and scenic nature of the Henry Mountains and Fremont Gorge areas and harming SUWA's and its members' interests in those areas. Bloxham Decl. ¶ 16. The risk of that outcome meets SUWA's burden under the impairment prong of the intervention test. *See Zinke*, 877 F.3d at 1167.

## IV.    The United States May Not Adequately Represent SUWA's Interests

As the Tenth Circuit has repeatedly recognized, the adequacy prong is a low bar which is satisfied where the government's broad obligation to represent the public interest "may conflict" with the intervenors' "particular interest[s]"—even if they share the same ultimate litigation objective. *UAC*, 255 F.3d at 1255–56 (emphasis added); *Zinke*, 877 F.3d at 1168. *See also Kane Cnty. v. United States*, 928 F.3d 877, 895-96 (10th Cir. 2019) (finding inadequate representation where government's "broad-ranging" interests were not identical to intervenor's narrower

interests). And, "'[i]f the [BLM] and the intervenors would only be aligned if the [] court ruled in a particular way, then a possibility of inadequate representation exists.'" *Zinke*, 870 F.3d at 1168 (quoting *N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 540 Fed. App'x. 877, 881–82 (10th Cir. 2013)).

As in *Zinke* and *UAC*, here the United States may not adequately represent SUWA's unique and long-standing interests in protecting the Henry Mountains and Fremont Gorge areas and their natural resources from motorized vehicle impacts and damage. Unlike the BLM, which is required by law to balance competing uses of the public lands across the nation, SUWA is particularly focused on the conservation and protection of wilderness-caliber lands in Utah. Bloxham Decl. ¶ 4. Indeed, SUWA is frequently at odds with BLM, both in terms of the agency's approach to motorized travel management planning, as well as in terms of which lands should be protected from motorized vehicle use. *Id.* ¶ 9. After all, it was SUWA-led litigation that required BLM to prepare a new TMP for this area in the first place. *Id.* The fact that SUWA seeks to intervene to defend against BlueRibbon's challenges to this particular decision does not diminish the potential conflict, which is all SUWA needs to demonstrate to establish the potential for inadequate representation. *See* Mem. Decision and Order Granting Mot. to Intervene, *BlueRibbon Coal., Inc. v. Bureau of Land Mgmt.*, Case No. 4:25-cv-00022-DN (D. Utah April 21, 2025) (ECF No. 25); Order Granting Mot. to Intervene, *BlueRibbon Coal., Inc. v. Bureau of Land Mgmt.*, Case No. 2:23-cv-00923-DAK-JCB (D. Utah Jan. 29. 2024) (ECF No. 34); Order Granting S. Utah Wilderness All.'s Unopposed Mot. to Intervene, *Utah v. Haaland*, 2:24-cv-00172-TS-DAO (D. Utah April 11, 2024) (ECF No. 19); Order on Proposed Intervenor's Mot. to Intervene, *Utah v. Haaland*, 4:24-cv-00046-PK (D. Utah June 6, 2024)

(ECF No. 22) (this case was consolidated with *BlueRibbon Coal., Inc. v. Bureau of Land Mgmt.*, 2:23-cv-00923-DAK-JCB, on July 29, 2024); *cf. N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 540 Fed. App'x 877, 881-82 (10th Cir. 2013) (unpublished).

## **CONCLUSION**

For the reasons stated above, SUWA respectfully requests the Court grant its unopposed motion to intervene as of right. A proposed response to BlueRibbon's complaint is attached as Ex. 4.

Respectfully submitted April 22, 2025.

*/s/ Hanna Larsen*
Stephen Bloch
Laura Peterson
Hanna Larsen

*Attorneys for Proposed Defendant-Intervenor
Southern Utah Wilderness Alliance*

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with DUCivR 7-1(a)(4)(D), I hereby certify that proposed Defendant-Intervenor Southern Utah Wilderness Alliance's Unopposed Motion to Intervene and Memorandum in Support contains a total of 2,941 words.

*/s/Hanna Larsen*
Hanna Larsen