ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| BLUERIBBON COALITION, INC., <br><br>     Plaintiff, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, et al., <br><br>     Defendants, <br><br>   and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br>     Intervenor-Defendant. | Case No. 4:25-cv-00044-AMA-PK <br><br><br><br> **DEFENDANTS' THIRD UNOPPOSED MOTION TO STAY PROCEEDINGS** <br><br><br><br><br> Judge Ann Marie McIff Allen <br> Magistrate Judge Paul Kohler |

This case challenges the U.S. Bureau of Land Management ("BLM") 2025 Decision Record ("DR") on the Henry Mountains and Fremont Gorge Travel Management Plan ("Henry/Fremon TMP"). *See* Compl. ¶ 1, Dkt. 1. Defendants have previously obtained two

orders staying proceedings in this case, and for similar reasons, hereby move for a third order to stay further proceedings for an additional 60 days because BLM is likely to formalize a change in position on aspects of the DR through a new decision, after similar actions in other travel management plans. Plaintiff does not oppose this motion; Intervenor-Defendant Southern Utah Wilderness Alliance takes no position on the requested stay.

Defendants have previously described the background and context of this dispute. *See* Defs.' Second Unopp. Mot. to Stay 2, Dkt. 18 (explaining that this "marks the fourth such TMP-related dispute now pending in this District"). BLM has recently taken steps signaling the likelihood and nature of new agency action(s) involving Utah travel management plans. Specifically, on September 24, 2025, BLM published "route reassessment" materials to the BLM Eplanning website for the Labyrinth TMP. *See* https://eplanning.blm.gov/eplanning-ui/project/2001224/570 (last visited December 17, 2025). In that effort, "BLM is reassessing whether certain routes currently designated as closed or limited to off highway vehicles should be redesignated as open to OHV use" through a process including a comment period that ended on October 24, 2025. *See id.*, BLM Public Announcement (attached hereto as Exhibit 1). "If BLM concludes that any designations should change, the agency will issue a new decision amending the [Labyrinth TMP]." *Id*. A published list of "routes proposed for redesignation" includes over 200 route segments, totaling approximately 148.24 miles. *See* Exhibit 2 hereto.

Although BLM has not yet published similar materials with respect to the Henry/Fremont TMP challenged in this lawsuit, the agency is likely to reassess whether certain routes in the challenged 2025 DR should be redesignated. And if BLM concludes that any designations in the 2025 DR should change, BLM will issue a new decision amending the Henry/Fremont TMP.

Rather than proceeding with litigation in this case given the likelihood of a new BLM decision amending the Henry/Fremont TMP, Defendants request that the Court stay further proceedings. The proposed stay will conserve the resources of the Court and the parties, and is in the public interest. Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would hardly be sound stewardship of judicial resources"). A stay is appropriate here because any changes to Henry/Fremont TMP may lead to dismissal of the current litigation and/or realignment of the parties' positions on the challenged DR. Deferring litigation while BLM determines whether to conduct reassessment of the Henry/Fremont TMP would conserve the resources of the Court and the parties – there is little point in proceeding with the litigation to consider the lawfulness of an agency action that BLM has signaled may change. And a stay would not cause prejudice to any party because it appears that the current "route designations will remain in effect during the reassessment process." Exhibit 1.

For the above reasons, BLM moves to extend any deadlines in this case for 60 days from the date of any order granting this motion. Undersigned counsel has conferred with counsel for the other parties to this litigation. Counsel for Plaintiff the BlueRibbon Coalition, Inc., have indicated that it does not oppose this motion. Counsel for Intervenor-Defendant Southern Utah Wilderness Alliance has indicated that it takes no position on the motion.

Respectfully submitted this 17th day of December 2025.

        ADAM R.F. GUSTAFSON
        Principal Deputy Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        */s/ Paul A. Turcke*
        PAUL A. TURCKE, Trial Attorney
        Natural Resources Section
        1290 West Myrtle Street, Suite 500
        Boise, ID 83702
        Tel: (202) 532-5994
        paul.turcke@usdoj.gov

        *Attorneys for Defendants*